UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
01 AUG 24 PM 3: 05
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| HEALTHSOUTH CORPORATION;<br>HORIZON/CMS HEALTHCARE<br>CORPORATION,<br><br>        Plaintiffs,<br><br>vs.<br><br>GULF UNDERWRITERS INSURANCE<br>COMPANY and GULF INSURANCE<br>COMPANY, a member of Citigroup as<br>the Owner, Operator and or Successor of<br>Gulf Underwriters Insurance Company,<br><br>        Defendants. | Civil Action No.: P CV-01-S-0411-NE<br><br>ENTERED<br>AUG 24 2001 |

## MEMORANDUM OPINION

This action is before the court on defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Texas. While plaintiffs have filed responses opposing the transfer, defendants' motion nonetheless is due to be granted.

Plaintiffs are corporations organized under the laws of Delaware, with their principal places of business in Birmingham, Alabama. (Complaint at 1.) Horizon/CMS Healthcare Corporation is a wholly owned subsidiary of HealthSouth Corporation. Defendants are corporations organized under the laws of the state of Missouri, with their principal places of business in New York. (Answer at ¶ 4.) Plaintiffs and defendants first crossed paths when Horizon purchased two Texas insurance policies from defendants, for coverage between November 1, 1996 and January 31, 1998. HealthSouth later was named an additional insured on the second of the two policies. (Complaint

at 3.) These policies entitled plaintiffs to indemnity coverage for claims of bodily injury, personal injury, professional liability and property damage, and indemnification for plaintiffs' losses in excess of the policy limits. (Complaint at ¶¶ 10-11.)

Plaintiffs here seek a declaratory judgment of their rights to insurance coverage under the indemnification policies issued to Horizon by defendants, for damages awarded against plaintiffs in present and future underlying actions. (Complaint at 2.) More immediately, plaintiffs seek reimbursement for damages awarded against them in *Cecil Fuqua, as Executor of the Estate of Wyvonne Fuqua, Deceased v. Horizon/CMS Healthcare Corp. f/k/a Horizon Healthcare Corp. and HealthSouth Corp.*, adjudicated by the United States District Court for the Northern District of Texas during February of 2001. (Complaint at 3-4.) At the heart of the dispute is defendants' refusal of coverage due to plaintiffs' alleged violation of cooperation clauses contained in the Gulf insurance policies, violations that stem from plaintiffs' discovery abuses in that Texas litigation.[1] (Complaint at ¶¶ 14-16.) Rather than adjudicate the motion for declaratory judgment, defendants would have this court transfer the case to the Northern District of Texas, "due to the overwhelming nexus that this matter has with Texas." (Memorandum in Support of Defendant's Motion to Transfer at 1.)

Pursuant to 28 U.S.C. § 1404(a), a district court may, in its discretion, transfer a civil action to any other district court in which it might originally have been brought "for the convenience of parties and witnesses" and in "the interest of justice." A district court must first determine whether

---

[1] Horizon's defense counsel in *Fuqua* revealed to the Texas court after the discovery deadline had passed that more than 15,000 boxes of documents had not been examined to determine if their contents were responsive to discovery requests. (Defendant's Memorandum in Support of Transfer, Ex. E at 2.) As a result, the United States District Judge for the Northern District of Texas entered an order on October 24, 2000 striking Horizon's pleadings due to the discovery abuse. That court further ordered litigation-ending sanctions against Horizon for what it called "the only effective remedy" for Horizon's "dilatory and evasive tactics throughout the discovery process." (Defendant's Memorandum in Support of Transfer, Ex. E at 3-4, 9.)

2

the action could have been brought in the proposed transferee forum. 28 U.S.C. § 1404(a); *see also Johnston v. Foster-Wheeler Constructors, Inc.*, 158 F.R.D. 496, 503-04 (M.D. Ala. 1994). Because jurisdiction in this case has been founded in diversity of citizenship, 28 U.S.C. § 1391(a)(2) will permit venue in the Northern District of Texas if a "substantial part of the events or omissions giving rise to the claim" occurred in that jurisdiction.

The claim-related contacts here are substantial. Venue would be proper in the Northern District of Texas because the two Gulf insurance policies at issue were underwritten and executed by defendants for Horizon in Dallas, Texas;[2] both policies were addressed to Horizon's director of insurance in Dallas;[3] both policies were assembled and issued by Gulf in Dallas;[4] notices of premiums due and premium payments on the Hospital Excess Liability Policy Number GU 5826714 were sent to Horizon's Dallas address;[5] Horizon used a Dallas broker to obtain relevant professional and general liability coverage from Gulf;[6] and, relevant litigation regarding claims under these policies was conducted previously in the Northern District of Texas.[7]

This court next must determine whether convenience and the interests of justice favor a transfer of this action to the Northern District of Texas. Federal courts generally will defer to a plaintiff's choice of forum. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S. Ct. 839, 843, 91 L.Ed. 1055 (1947)). Courts nonetheless have broad discretion to transfer, and will do so if the movant can show that a plaintiff's

---

[2] Defendants' Motion to Transfer, Ex. A at ¶¶ 2-3, 10.

[3] *Id.* ¶ 2, 9.

[4] *Id.* ¶ 12.

[5] *Id.* ¶ 8.

[6] *Id.* ¶ 6.

[7] Complaint at ¶ 13.

3

choice of forum is clearly outweighed by other considerations. *See In re Ricoh Corp.*, 870 F.2d at 573; *Gould v. Nat'l Life Insurance Co.*, 990 F. Supp. 1354, 1357 (M.D. Ala. 1998). While a court will weigh a number of factors in the face of a motion to transfer, the most important of these is the convenience of the witnesses. *See* 28 U.S.C. § 1404(a); *Blue Tee Corp. v. Mid Am. Drilling Equip.*, 177 F.R.D. 673, 679 (M.D. Ala. 1998); *Insuracorp, Inc. v. Am. Fidelity Assurance Co.*, 914 F. Supp. 504, 506 (M.D. Ala. 1996). Other relevant factors were discussed by the Supreme Court in *Gulf Oil Co.*, and have been relied on by district courts within the Eleventh Circuit. 330 U.S. at 508, 67 S. Ct. at 843; *see also, e.g., Folkes v. Haley*, 64 F.Supp.2d 1152, 1155 (M.D. Ala. 1999); *Blue Tee Corp.*, 177 F.R.D. at 679; *Gould*, 990 F. Supp. at 1357-58; *Foster-Wheeler Constructors, Inc.*, 158 F.R.D. at 504. *Gulf Oil Corp.* explained that:

> Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

330 U.S. at 508, 67 S. Ct. at 843.

Turning to the facts of this case, plaintiffs have argued that some key witnesses and a portion of the documents necessary to the underlying claims are located in Alabama. (Plaintiff's Memorandum of Law in Opposition at 2.) Some of these witnesses and documents pertain to the question of whether plaintiffs properly notified defendants of their claims; others relate to the alleged violation of the cooperation clauses under the insurance policies. (Plaintiff's Memorandum of Law in Opposition at 2-3.) Even considering the Alabama situs of these witnesses and documents alongside the plaintiff's choice of forum, however, this court finds defendants' arguments to transfer this case more persuasive.

4

First, it is especially important that a majority of the material principal witnesses are located in the Northern District of Texas, the convenience of whom must be this court's most important consideration. *See Folkes*, 64 F.Supp.2d at 1155; *Merritt v. Pontiac-GMC Truck, Inc.*, 952 F. Supp. 754 (M.D. Ala. 1996); *Hutchens v. Bill Heard Chevrolet Co.*, 928 F. Supp. 1089, 1090-91 (M.D. Ala. 1996) (citing *Howell v. Tanner*, 650 F.2d 601, 616 (5th Cir. 1981)).[8] As above, at issue are Texas insurance policies that were brokered, underwritten, executed, assembled, and paid for in Texas.[9] Both defendants' and plaintiffs' Texas employees and agents responsible for the creation and maintenance of these Texas insurance policies are likely to testify in future proceedings.

Texas is also the locus of the *Fuqua* discovery abuses that now lead defendants to deny plaintiffs' coverage, and which stand at the center of this dispute. Testimony will necessarily be required from the *Fuqua* parties' counsel as to that discovery misconduct; counsel for both *Fuqua* parties reside in Texas. (Memorandum in Support of Defendants' Motion at 9.) While plaintiffs' chief witness, insurance broker McGriff, Seibels & Williams, may be inconvenienced by travel to the Northern District of Texas,[10] the overwhelming number of Texas witnesses would appear more so by their need to travel to this jurisdiction.

Transfer of this action also appears to be in the "interest of justice." 28 U.S.C. § 1404(a). This court notes that the *Fuqua* discovery misconduct, and thus this coverage dispute, arose and was litigated in the Northern District of Texas. The likelihood that sources of proof related to those events are located there all suggest that the transfer of this case will lead to the most efficient, swift,

---

[8] Decisions of the former Fifth Circuit rendered prior to the close of business on October 1, 1981 constitute binding authority in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[9] Defendants' Memorandum in Support of Transfer, Ex. A at ¶¶ 2, 3, 4, 6, 7, 8, 9, 10, 12, 13.

[10] Plaintiffs' Memorandum of Law in Opposition at 2.

5

and inexpensive consumption of judicial resources. *See Gulf Oil Corp.*, 330 U.S. at 508, 67 S. Ct. at 843; *Folkes*, 64 F.Supp.2d at 1155. Incidentally, this court is unconvinced by plaintiffs' contrary argument that the documents that "are the very subject matter" of the *Fuqua* misconduct and the ensuing dispute here are located in Alabama, Maryland, and New Mexico. (Plaintiffs' Memorandum in Opposition at 3.) This court simply cannot see how the documents that went unreviewed in the *Fuqua* action, and resulted in the sanctions that now lead defendants to deny coverage to plaintiffs, could be relevant. It is instead the sanctions themselves, and their effect on the Texas insurance policies held by plaintiffs, that appear the focus of future proceedings in this action. For that and the foregoing reasons, this court will not deny Texas's better claim to this case.

Accordingly, defendants' motion to transfer venue is GRANTED and this action is TRANSFERRED to the United States District Court for the Northern District of Texas for all further proceedings. An appropriate order will be entered contemporaneously herewith.

DONE this 24th day of August, 2001.

United States District Judge